## BUILDING AND CONSTRUCTION TRADES DEPARTMENT, AFL–CIO, et al., Plaintiffs,

v.

## Thomas K. TURNAGE, Defendant.

### Civ. A. No. 87–2827.

United States District Court, District of Columbia.

Oct. 28, 1988.

Terry R. Yellig, Sherman, Dunn, Cohen, Leifer & Counts, Washington, D.C., for plaintiffs.

Raymond M. Larizza, Civ. Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

REVERCOMB, District Judge.

This case is before the Court on cross-motions for summary judgment. The issue before the Court is whether the Wage Appeals Board ("WAB"), acting as delegee of the Secretary of Labor, has been faithful to Congressional intent in its interpretation of the Davis–Bacon Act, 40 U.S.C. § 276a et seq.

In *Outpatient Clinic, Crown Point, Indiana,* WAB Case No. 86–33 (June 26, 1987), the WAB incorporated the provisions of the Act, including a wage determination reflecting applicable prevailing wage rates, into a contract between the Veterans Administration ("VA") and Hamstra Builders, Inc., to construct and lease an outpatient clinic for the VA. The Davis–Bacon Act requires that workers performing construction work on public buildings or public works under contracts in excess of $2,000, to which the United States is a party, be

paid the prevailing private-sector wage rate. Plaintiffs request the Court to compel the defendant to comply with the decision of the WAB. The defendant argues that the WAB's interpretation of the Act is not an accurate reflection of the intent of Congress.

Under *Chevron, U.S.A. v. Natural Resources Defense Counsel*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1983), judicial deference to an agency's interpretation of a statute committed to it for administration is required if, in the absence of a clear and unambiguous indication of Congressional intent, the agency has construed the statute reasonably. The parties have joined issue on the question of whether there is unambiguous evidence of Congressional intent to apply the Davis–Bacon Act to this case. The question is whether the Act was intended to apply to lease agreements involving the United States, or was meant to be restricted to contracts where the property is owned by the United States.

■ The defendant concedes that the legislative history of Davis–Bacon itself does not resolve the issue of whether the Act applies to government leases. In an effort to show that Congress intended to make a distinction between leased and owned property, the defendant cites related statutes which apply Davis–Bacon to specialized circumstances, or which make distinctions between leased and owned property for purposes other than determining wage rates. The Court is not pursuaded that the examples cited reveal Congressional intent with the level of clarity required under *Chevron*, where the Supreme Court posed the question as being "whether Congress has directly spoken to the precise question at issue." 467 U.S. at 842, 104 S.Ct. at 2781. The Court went on to say that "[i]f, however, the court determines Congress has not directly addressed the precise question at issue ... the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. at 2782. The evidence of intent adduced by the defendant relates to statutes with specialized purposes, *e.g.*, the Postal Reorganization Act of 1970, 39 U.S.C. § 410. The defendant argues that the fact that Congress found it necessary to specify that locally prevailing wage rates would apply to construction work done on property leased to the Postal Service demonstrates that Congress felt that Davis–Bacon would not have applied, by its own force, in the absence of express language to that effect. However, the conditions under which prevailing wage rates are required in the Postal Reorganization Act are different from the conditions which trigger Davis–Bacon: Davis–Bacon coverage is triggered by the dollar amount of the construction work, while the comparable provision of the Postal Reorganization Act is triggered by the square feet of space under construction. These differing standards, while their practical implications may be negligible, reveal ambiguity in Congressional understanding of the coverage of Davis–Bacon. The statutes and legislative history offered by the defendant do not show Congress speaking directly to the precise question before the Court in this case. Therefore, the Court finds that the *Chevron* standard applies to the Department of Labor's interpretation of the Davis–Bacon Act.

■ It remains to determine if the WAB has read the Davis–Bacon Act permissibly. The Court finds that there is nothing in the Act itself which indicates that Congress intended to restrict its application to contracts where "construction" is the only element of the contract. As the plaintiff points out, when Congress wishes to restrict the application of Federal labor standards to contracts with a given purpose, it is capable of doing so. *See, e.g.*, the Service Contract Act of 1965, as amended, 41 U.S.C. § 351 *et seq.* (limiting the application of the Act to contracts "the *principal* purpose of which is to furnish services.") (emphasis added). The Court finds that it is reasonable to conclude, as the WAB has done, that the nature of the contract is not controlling so long as construction work is part of it. The statutes cited by defendant in support of the contrary position, for instance the Legislative Appropriation Act of 1933, are Depression era acts which reflect the stringency of those years in

restricting federal expenditures on leased property as opposed to construction of public buildings and public works; it will be recalled that public works formed an integral element of New Deal policy, so that it should come as no surprise that such projects should have occupied a favored position in appropriations. Furthermore, the fact that Congress decided to make a distinction between leased and newly-built property for appropriations purposes does not necessarily imply that a similar distinction was intended when it came to the applicability of Davis–Bacon, which applies to wage rates only, rather than to the broader issue of how Congress elects to obtain property for public use. Congress could have intended to apply Davis–Bacon to all construction work, whether on leased property or not, while deciding as a separate matter to limit the number of leases overall.

In conclusion, the Court finds that the WAB has interpreted the Davis–Bacon Act permissibly within the meaning of the *Chevron* case. In the absence of contrary evidence of Congressional intent, it is reasonable to conclude that the Act was meant to apply to contracts in which construction is more than an incidental element, and that therefore, the contract in question is a "contract for construction" within the meaning of Davis–Bacon.

It is therefore ORDERED, ADJUDGED and DECREED that the defendant has unlawfully withheld compliance with the Wage Appeals Board's June 26, 1987 decision WAB Case No. 86–33, entitled *In the Matter of Applicability of Davis–Bacon Act to Lease of Space for Outpatient Clinic, Crown Point, Indiana.*

It is FURTHER ORDERED that defendant comply with the Wage Appeals Board's June 26, 1987, decision, which orders defendant to amend its contract with Hamstra, Inc. to incorporate Davis–Bacon Act requirements, in accordance with the November 13, 1986, final decision of the Wage and Hour Administrator.

It is FURTHER ORDERED that defendant's Cross–Motion for Summary Judgment is DENIED.

ORDER

In accordance with the Memorandum and Order in this case dated October 28, 1988, it is by the Court hereby ORDERED, that judgment is entered for the Plaintiff.